UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTROWN T. SIMMS, *Pro Se,* | ) | Case Nos.: 1:10 CV 1396 |
| | ) | 1:06 CR  444 |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

This matter is before the court on Petitioner Antrown Simms's ( "Petitioner") *Pro Se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. ("Simms Mot.", 1:10 CV 1396, ECF No. 1.)  Also pending before the court is Petitioner's Motion to Expand the Record.  (ECF No. 69, 1:06 CR 444.)  For the reasons stated herein, the court denies both of Petitioner's Motions.

## I. FACTUAL BACKGROUND

On November 9, 2005, a federal grand jury returned a single count indictment against Petitioner.  The single count charged Petitioner with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

On October 16, 2007, after a jury trial, Petitioner was convicted of the single count.  On November 21, 2007, the court sentenced him to 100 months imprisonment, followed by three years of supervised release, and ordered him to pay a $100 special assessment.  Petitioner appealed his

conviction and sentence to the United States Court of Appeals for the Sixth Circuit, which affirmed on November 4, 2009.

On June 22, 2010, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (1:10 CV 1396, ECF No. 1).  Simms alleges his sentence should be vacated on the following grounds: (1) Petitioner's Sixth Amendment right to effective assistance of counsel was violated when defense counsel failed to call Petitioner's girlfriend as a witness; (2) Petitioner's Sixth Amendment right to effective assistance of counsel was violated when defense counsel "failed to object to documentation used to support a finding that prior offenses consolidated for sentencing were not 'related' as violative [sic] of the rule announced in *Shepard v. United States*, 544 U.S. 13"; (3) Petitioner's Sixth Amendment right to effective assistance of counsel was violated when defense counsel failed to object to the evidence used to show constructive possession; (4) Petitioner's Sixth Amendment right to effective assistance of counsel was violated when defense counsel "failed to investigate the purpose of an interview with Govt. witness Samantha Colarosa, and Richland Co. Sheriff Det. Mack"; (5) Petitioner's Sixth Amendment right to effective assistance of counsel was violated when defense counsel failed to raise on direct appeal the fact that one of his prior convictions was legally invalid.  (Simms Mot. at 4-5.)

## II.  STANDARD OF LAW

Title 28 U.S.C. § 2255 sets forth four grounds upon which a federal prisoner may base a claim for relief: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255.  Generally, to prevail on a § 2255 motion alleging a constitutional error,

the petitioner must show an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-638 (1993).  To prevail on a non-constitutional error, the petitioner must establish a "'fundamental defect which inherently results in a complete miscarriage of justice,' or an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)).  Moreover, in order to obtain this form of collateral relief, "a prisoner must clear a significantly higher hurdle than would exist on direct appeal," *United States v. Frady*, 456 U.S. 152, 166 (1982), because "[o]nce the defendant's chance to appeal has been waived or exhausted . . . we are entitled to presume he stands fairly and finally convicted." *Id.* at 164.

### III.  LAW AND ANALYSIS

### A. Ineffective Assistance of Counsel Standard

The Sixth Amendment guarantees all defendants the right to constitutionally effective assistance of counsel.  Counsel is presumed effective; thus, a petitioner has a significant hurdle in establishing ineffective assistance of counsel.  In *Strickland v. Washington,* 466 U.S. 668, 686 (1984), the Supreme Court held:

> The benchmark for judging any claim for ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.

To establish that counsel was ineffective, a defendant must prove:  (1) that the counsel's performance was deficient; and (2) that the deficient performance prejudiced the defendant. *Id*. at 687.  A counsel's performance is deficient when that counsel made errors so serious that he or she was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. *Id*.  In determining

whether counsel's performance prejudiced the defendant, the defendant must show that the counsel's error "was so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* In this regard, the Sixth Circuit has explained:

> The Constitution . . . does not guarantee . . . an excellent lawyer. It does not even guarantee . . . a good lawyer. Instead, the Sixth Amendment right to the effective assistance of counsel entitles [a defendant] to nothing more than a "reasonably competent attorney" whose performance falls "within the range of competence demanded of attorneys in criminal cases."

*Moran v. Trippett*, No. 96-2174, 1998 U.S. App. LEXIS 12566, *14-*15 (6th Cir. June 8, 1998) (citing *Strickland*, 466 U.S. at 687)).

### B. Analysis

#### 1. Ground Three

On the third ground raised by Petitioner, he alleges his counsel was ineffective because he failed to object to the evidence used to show Petitioner constructively possessed a firearm, which he contends was insufficient to support a guilty verdict. Petitioner does not specify how counsel erred on this ground. He only states that had counsel made himself aware of the elements of a possession case, there would have been a different outcome in the case. In order to establish counsel was ineffective, Petitioner needs to show: (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced him. *Strickland*, 466 U.S. at 687. He does not state what additional investigation was necessary, or how this would have defeated the Government's evidence against him, enabling him to show deficiency. Petitioner is unable to demonstrate how the outcome of his case would have been different, and cannot show actual prejudice based on the information he has put forth. Since he cannot meet the requirements necessary to show his counsel was ineffective, his Motion must be denied on this ground.

Even if Petitioner had asserted a more specific claim on this ground, his Motion must still be denied on this ground.  Petitioner was convicted under 18 U.S.C. § 922(g)(1), of being a felon in possession of a firearm.  To convict a defendant under 18 U.S.C. § 922(g),

> the government must prove beyond a reasonable doubt (1) the defendant has a prior conviction for a crime punishable by imprisonment for a term exceeding one year; (2) that the defendant thereafter knowingly possessed the firearm and ammunition specified in the indictment; and (3) that the possession was in or affecting interstate commerce.

*U.S. v. Daniel,* 134 F.3d 1259, 1263 (6th Cir. 1998).  Petitioner only contests the second element of the crime, the possession of the firearm.  He contends there was no proof that the firearm that was found in the parking lot the day after he was arrested was the gun that he had hidden in the parking lot.  (Mem. of Law in Support of Mot. at 11-12, 20, 23, 29, 31, 1:10 CV 1396, ECF No. 1-1.)

A defendant can be found guilty of actual or constructive possession of a firearm under § 922(g)(1).  *U.S. v. Grubbs*, 506 F.3d 434, 439 (6th Cir. 2007).  Petitioner was found to have constructive possession of a firearm.  The Sixth Circuit has stated "[c]onstructive possession exists when a person does not have possession but instead knowingly has the power and intention at a given time to exercise dominion and control over an object, either directly or through others." *Id*. (quoting *United States v. Craven*, 478 F.2d 1329, 1333 (6th Cir. 1973), *abrogated on other grounds by Scarborough v. United States*, 431 U.S. 563 (1977)).  Sixth Circuit case law does not define dominion, but a consensus has developed among federal and state courts "that where the defendant is in nonexclusive possession of premises on which [illicit contraband] [is] found, it cannot be inferred that he knew of the presence of such [contraband] and had control of [it], unless there are other incriminating statements or circumstances tending to buttress such an inference."  *U.S. v. Bailey,* 553 F.3d 940, 945 (6th Cir. 2009) (quoting Emile F. Short, Annotation, *Conviction of*

- 5 -

*possession of illicit drugs found in premises of which defendant was in nonexclusive possession,* 56 A.L.R.3d 948, 1974 WL 35135, § 4 (1974)).

At trial, a parole officer testified that Petitioner was running from him when he passed by Peter's High School, and appeared to change his course in order to hide something during the chase. (Mem. of Law at 5; Trial Tr. at 47-49, 1:06 CR 444, ECF No. 57.)  A gun was found in the school parking lot the next day by a student and turned into a teacher.  (Mem. of Law at 5.)   Since Petitioner was in nonexclusive possession of the parking lot where the gun was found, this information alone was not enough to establish constructive possession.  However, incriminating statements made by Petitioner on a phone call to his girlfriend, Samantha Colarosa ("Colarosa"), while incarcerated at the Richland County Jail, provided the necessary link to establish constructive possession.  *See Bailey*, 553 F. 3d at 944-45.  The following conversation was recorded at the jail and used by the prosecution at trial:

> FEMALE VOICE: My sister came home and said one of the kids at the school found your gun today.
>
> MALE VOICE: What?
>
> FEMALE VOICE: Yeah. And he gave it to the teacher, and the teacher called the cops.
>
> MALE VOICE: What?
>
> FEMALE VOICE: Yeah. And I been freaking out.
>
> MALE VOICE: Did they know it was mine?
>
> FEMALE VOICE: I don't know what they told them. What I'm saying, is your prints and shit on there?
>
> MALE VOICE: Hell, yeah.
>
> FEMALE VOICE: I know you didn't wipe it off and that.

- 6 -

MALE VOICE: Where they find it at?

FEMALE VOICE: Say you going to our house. The school, the high school on the right.  That parking lot right next to it. Right there, under a car.  The kid that found it drives a red car.

MALE VOICE: When did he find it? Today?

FEMALE VOICE: Yes. This morning. That's where you hid it?

MALE VOICE: Damn.

(Trial Tr. at 62-63.)  This conversation is sufficient to establish constructive possession.  The district court permitted the playing of this recording from a copy of the original CD, and this decision was affirmed by the Sixth Circuit.  (Gov't Opp. at 13.)  In addition to this conversation, Petitioner stated during an interview with two detectives, where possible charges against him were discussed, that he would help if the they made the DNA and the weapon go away.  (Trial Tr. at 153, 189, 1:06 CR 444, ECF No. 58.)  The recording of the phone call and this statement to the detectives provided the additional information necessary to establish constructive possession.  Therefore, the Government offered sufficient evidence to establish constructive possession. There is nothing to demonstrate that Petitioner's counsel had an insufficient understanding of constructive possession, or that he had a basis for arguing that the Government had failed to prove constructive possession.  Thus, Petitioner has not shown that his counsel's performance was deficient or that he was prejudiced by it. Accordingly, the court denies Simms's Motion on this ground.

### 2. Grounds One and Four

On grounds one and four raised by Petitioner, he alleges that his counsel was ineffective by failing to call his girlfriend, Colarosa, as a witness, and by failing to investigate further into why Detective Mack ("Mack") interviewed her at the Richland County Jail.  Petitioner asserts that

"[c]ounsel knew that there was an interview with the defendant/his clients [sic] girlfriend with Detective Mack, of the Richland County Sheriff's Dept."  (Mem. of Law at 7.)  Petitioner contends "this witness could have testified the gun police found and entered into evidence, was not my gun." (Simms Mot. at 4.)  Petitioner states that

> [t]he testimony of Ms. Colarosa would have dramatically aided the defense's theory of the case by explaining to the jury that because Ms. Colarosa had not identified the firearm that she was shown by authorities as the weapon she had previously witnessed in Petitioner's possession, the weapon recovered from the lot (and subsequently attributed to Petitioner) was not the firearm that was the subject of the recorded conversation with Petitioner.

(Simms Reply at 3, 1:06 CR 444, ECF No. 70.)  Petitioner states that "counsel allow the government case to be presented without identifying the gun found and the one I processed beyond the conversation on the phone that just spoke of a gun in general" [sic].   (Simms Mot. at 4.)  He further states he "never saw the weapon in evidence until trial . . . I ASSUMED, they had founded [sic] the weapon I possessed."  (Simms Ex. A at 1, 1:10 CV 1396, ECF No. 1-2.)  Petitioner maintains that

> reasonably competent counsel would have indeed employed Ms. Colarosa's testimony to mitigate the prejudicial nature of the recorded conversation by highlighting Ms. Colarosa's willingness to admit to authorities that Petitioner had owned and carried a firearm but that the gun in which she was asked to identify and discuss over the recorded conversations was not the firearm.

(Simms Reply at 3-4.)  Petitioner also states he "knew the gun found was not his gun after conversation with other peoples, and the phone conversation did identify, a gun no further than the word gun."  (Mem. of Law at 33.)  Petitioner asserts that his counsel made "an accumulation of pretrial errors/trial errors/an[d] failed to raise [his] strongest claim on direct appeal," by not calling

his girlfriend to testify, in violation of the Sixth Amendment.[1]  (Simms Mot. at 4.)  Petitioner further contends that "but for counsel's failure to interview Ms. Colarosa and call her as a witness, the jury would have had a reasonable doubt to whether Petitioner was guilty of constructive [sic] possessing the firearm recovered in the parking lot."  (Simms Reply at 3.)

The Sixth Circuit has stated that defense counsel's representation does not necessarily rise to the level of being constitutionally deficient when he fails to call witnesses requested by petitioner, if that testimony would be irrelevant to that counsel's theory of the case.  *See United States v. Kincaide*, 145 F.3d 771, 785-86 (6th Cir. 1998).  *Strickland* provides counsel with great latitude in making strategic choices at trial that are informed by "reasonable investigations."  *Strickland*, 466 U.S. at 691.  This latitude applies to the decision to call witnesses and investigate facts.  Petitioner had discussions with Colarosa while in jail, regarding his hiding of a gun, the subsequent search for a gun, which he admitted he had hidden, as well as a gun that was subsequently recovered by law enforcement authorities that was found by a student in a schoolyard.  Petitioner's counsel was aware of the recording of this conversation, as Petitioner states his counsel had reviewed it with him.  (Mem. of Law at 33.)  Counsel likely determined that any testimony by Colarosa would be damaging to the case, and thus, outweighed any possible benefits.  Counsel likely thought the jury may not have found her to be a credible witness, that the Government might try to impeach her, or that she was irrelevant to his theory of the case.  During his closing argument, Petitioner's counsel contested the evidence the Government had presented, and asked the jury to question whether the evidence shows Simms had possessed that weapon the day he ran from police.  (Trial Tr. at 247-255.)

---

[1]  The Court concludes that Petitioner has not made any colorable claims of error, precluding his assertion of a successful claim based upon cumulative effect.

Counsel appeared to allude to the fact that Petitioner may not have possessed any gun at all that day, since none of the Government's witnesses actually observed Petitioner with a gun.  (*Id*.)  They merely concluded, based on his movements and the gun later recovered, he had to have had a gun.  (*Id*.)  Counsel likely did not want to call a witness, in a felon in possession case, to testify that the Petitioner did in fact have a gun that day, but the wrong one was recovered.  Counsel must have concluded that such an argument was not the most appropriate way to defend Petitioner.

Petitioner also attempts to expand the record by adding a statement from Colarosa, which he alleges includes the information she would have been able to testify to at trial, and demonstrates how his lawyer's performance prejudiced him.  (Statement, Mot. to Expand Record, ECF No. 69-1.)  First, because the court concluded that the failure to call Colarosa as a witness was part of a legitimate trial strategy by counsel, his performance was not deficient.  Counsel did not appear to be trying to prove or allege Petitioner had another gun that the Government failed to locate, rather he questioned whether the Government had proven Petitioner had any gun that day.   Second, even upon consideration of the prejudice prong of the standard, the court concludes Petitioner has not met this standard either.  He contends that had the jury been given this information, they would have had reasonable doubt.   However, assuming without deciding that the statement is accurate and admissible, it fails to provide the information Petitioner purports it provides, that it demonstrates there would have been a different outcome in his trial.  It references a chrome weapon that Colarosa was allegedly shown to her by Mack, which was not the "small black handgun" she had seen in Petitioner's possession.  (*Id*.)  Petitioner was convicted of possessing an Intratec Model AB-10 nine millimeter caliber pistol.   (Trial Tr. at 20.)  The Government states that neither gun represents the gun shown at trial.  (Gov't Omnibus Resp. at 2, 1:06 CR 444, ECF No. 71.)  The court concludes that

whatever gun she was shown, her statement does not establish that the gun shown to her was the one introduced at trial.  Therefore, even if the court were to grant Petitioner's Motion to Expand the Record, this statement would still not demonstrate that the outcome of the trial would have been different had this information been known to the jury.  This is especially true in the context where a defendant's admission at trial that he had a gun, and that he buried a gun in the schoolyard, was before the jury.  Since Petitioner has not shown his counsel was deficient, or that he suffered any prejudice as the result of the alleged deficiency, the Motion must be denied on this ground.

Similarly, counsel's decision not to further investigate Mack's interview of Colarosa was likely also based on trial strategy, and the belief that further investigation would be unable to help Petitioner's case in any way.  Petitioner indicates that it was an error for his counsel to fail to request the record of the interview with Colarosa.  (Mem. of Law at 48.)  However, in the statement he seeks to have added to the record, it states that the officers asked her to identify the weapon while the recording was stopped.  (Statement, Mot. to Expand Record, 1:06 CR 444, ECF No. 69-1.)  Therefore, further investigation likely would not have provided his counsel with a record of the interview.  In addition, as indicated above, counsel likely concluded as a part of his trial strategy, that any testimony by Colarosa would be damaging to the case, and thus, outweighed any possible benefits.  Therefore, Petitioner has not shown that counsel's performance was deficient because of his failure to further investigate the interview or to seek a record of the interview, or that had he done so, the outcome of the case would have been different.  Accordingly, his Motion must be denied on this ground also.

Furthermore, Petitioner states that he knew from talking to people, that the gun found was not his gun, and at trial he realized the gun that had been found was not his gun.  Therefore,

according to Petitioner, he was aware at trial that the gun found did not belong to him. He could have alerted his counsel to this fact. His counsel then could have made the determination of whether to call someone to substantiate this claim. If Petitioner chose not to inform his counsel of this information, he cannot now claim his counsel was ineffective simply because Mack's interview was not further investigated and Colarosa was not called to testify. If Petitioner is claiming he did inform counsel of this claim, and that he was ineffective for failing to raise this point at trial, his counsel's performance still was not deficient. Counsel appeared to argue at trial that the Government could not show that Petitioner had any gun that day, since the Government's witnesses had not actually seen him with a gun. As stated above, counsel likely concluded that testimony from Colarosa that this gun was not Petitioner's gun would not be beneficial in the context of the fact a tape was played at trial, on which Petitioner discussed with her having buried his gun in the schoolyard.

Petitioner has therefore failed to make the necessary showing to raise a viable ineffective assistance of counsel claim on these grounds. Counsel made reasonable and sound judgments in executing his trial strategy, and provided professionally competent assistance. Accordingly, the court denies Simms's Motion on these grounds.

### 3. Ground Two and Five

On Petitioner's second ground, he alleges his counsel was ineffective at sentencing by "fail[ing] to object to documentation used to support a finding prior offenses consolidated for sentencing were not "related" as violative of the rule announced in *Shepard v. United States*, 544 U.S. 13 (2005)." (Simms Mot. at 5.) The documentation Petitioner refers to is information used by the Probation Department to support its recommendation to the court that his prior convictions were unrelated. *Shepard* limited the information a sentencing court can use to determine if a prior crime

- 12 -

was a predicate felony to trigger the application of the Armed Career Criminal Act ("ACCA"). 544 U.S. at 26. The sentencing court is limited to "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Id*. However, Petitioner's reliance on this case is misplaced, as he did not suffer an enhancement to his sentence under the Act. In any event, the Probation Department and the court used documents that meet the standard set out by *Shepard*: an NCIC report, documentation from the Ohio Attorney General, Cuyahoga County Clerk's office documentation, and the original indictments of the offenses. (Gov't Opp. at 15.) Therefore, if *Shepard* were applicable, the documentation is in compliance with the standard it set forth. However, since Petitioner was not classified as an Armed Career Criminal, his arguments are meritless, and the court denies Simms's Motion on this ground.

As a fifth, and separate ground for relief, Simms maintains that his counsel was ineffective because of his failure to raise the issue that one of his prior convictions was "legally incorrect on direct appeal." (Simms' Mot. at 5.) He maintains that his prior offenses were related offenses contrary to the recommendation of the Probation Department and determination of the court. As a result, his Criminal History Category was improperly increased to the highest category, Category VI. Specifically, Petitioner contends that his sentence on November 11, 1991, in the Cuyahoga Court of Common Pleas, Case Nos. CR260884, CR266795, CR269917, CR27084 and CR270285, for Breaking and Entering, Theft, Aggravated Robbery with a Gun, Attempted Receiving Stolen Property, and Burglary, should all be counted as one offense. (Gov't Opp. at 16.) He argues that because these prior convictions should all be counted as one offense, he should have been in a Criminal History Category V, instead of VI. As a result, he claims that his counsel's performance

was deficient for his failure to challenge this error.  He maintains he suffered prejudice as a result of receiving a higher sentence then he would have received had his Criminal History Category been properly determined.

Section 4A1.2(a)(2) of the Sentencing Guidelines states that "prior sentences are always counted separately if the sentences were imposed for offenses separated by an intervening arrest." Petitioner was arrested for Breaking and Entering on November 29, 1990, for Theft on April 30, 1991, and on July 22, 1991, was arrested for Aggravated Robbery with a Gun, Burglary, and Attempted Receiving Stolen Property.  (*Id.*)  These crimes were all sentenced at the same hearing, but were still crimes committed on separate days (November 29, 1990, April 30, 1991, and July 22, 1991, respectively), and had three separate arrests.  (*Id.*)  Since his crimes were separated by intervening arrests, it was properly concluded that these prior convictions should be counted as separate offenses, rather than a single offense. Therefore, he was assigned the correct Criminal History Category, Category VI.  Petitioner's guideline range based on a Criminal History Category of VI was 100-125 months.  Petitioner, with the aid of his counsel's argument that he be sentenced at the low end of the guidelines, was sentenced to 100 months.  Since Petitioner cannot demonstrate how his counsel was deficient, or any prejudice by his counsel's failure to raise this argument, his Motion is denied on this ground.

### 4. Additional Grounds Raised in Simms's Memorandum

#### i. Tape Recordings

Though not raised as separate grounds or completely within his Petition, Petitioner appears to assert several additional grounds for relief.  Within the first ground of ineffective assistance of counsel alleged by Petitioner, he appears to also argue that the Government used phone

- 14 -

conversations between him and his girlfriend as evidence, but "pretended to use the contents of the taped phone conversations to authenticate the tape conversation under 902, all the while, the prejudice outweigh[]ed the probative value under 403." (Simms Mot. at 4.)  Petitioner contends that his lawyer was ineffective by failing to challenge the admissibility of the taped phone conversations, pieces of the recording, and the frequency which the recording was used, failing to object under Rule 403 or 802 (hearsay) of the Federal Rules of Evidence to the recordings, and by allowing these statements in "without having the government or trial court to identify the rule of evidence." (Mem. of Law at 11, 17, 32-35, 37-38, 44.)  Additionally, he states his counsel was ineffective for failing to request jury instructions to "combat the testimonial statement by the female voice" in the recording.  (*Id.* at 35.)  Petitioner does not make any arguments though, that his counsel acted outside the scope of reasonable professional norms or that there exists reasonable probability that, but for counsel's unprofessional errors, the outcome of his trial would have been different.  *See Bilzerian v. U.S.*, No. 95 Civ. 1215 RJW, 88 CR. 962 RJW, 1996 WL 524340, at *10-11 (S.D.N.Y. Sept. 13, 1996).  Further, his counsel did object to the playing of the recordings based on chain of custody concerns and the failure of the Government to lay the proper foundation. (Gov't Opp. at 13.) The district court allowed excerpts to be played from a copy of the original CD, and the Sixth Circuit affirmed this decision.  (*Id.*)  Petitioner's Memorandum contains numerous instances where he challenges how the evidence was used, and how he believes counsel should have objected, but fails to make the appropriate arguments necessary under *Strickland* for a showing of ineffective assistance of counsel.  None of the matters cited above demonstrate that counsel made an error in any regard. Thus, he has failed to prove his counsel was ineffective, and his Motion must be denied on this basis also.

ii. Brady Violation

Petitioner asserts that his counsel was "ineffective for failure to pursue U.S. Attorney's Office for Brady Violation for withholding evidence which was exculpatory in nature." (Mem. of Law at 45; *See Brady v. Maryland*, 373 U.S. 83 (1963).)  Again, Petitioner refers to the "record of an interview between Mansfield Police and Samantha Colarosa, that was exculpatory in nature, and should have been disclosed to Petitioner as brady [sic] material." (*Id.* at 8.)  The Sixth Circuit has stated that "*Brady* [] is only concerned with those cases where the government possesses information unavailable to the defendant, and its failure to disclose the information deprives the defendant of a fair trial." *Zack v. U.S.*, 9 F. App'x 394, 397-98 (6th Cir. 2001).  The *Brady* rule only applies to the discovery of information, after trial, of information known to the government, but *unknown* to the defense.  *See U.S. v. Agurs*, 427 U.S. 97, 103 (1976).  The Sixth Circuit stated in *U.S. v. Clark*, 928 F.2d 733, 738 (6th Cir. 1991), that the failure of the government to disclose potentially exculpatory information does not violate Brady "where a defendant *knew or should have known* the essential facts permitting him to take advantage of exculpatory information, or where the evidence is available to defendant from another source." (internal citation and quotation omitted) (emphasis added). Petitioner states that his girlfriend was questioned about the gun by Detective Mack, and that she could have provided information on her inability to identify the gun found as the gun that he had possessed. (Simms Mot. at 4; Exhibit A at 3.)  The Government's failure to provide the record of this interview did not amount to a *Brady* violation.  Petitioner clearly was aware of a gun which was sought to be introduced and whether or not that was his gun.  Furthermore, he through his counsel, could have called Colarosa or others to testify that it was not his gun.  Thus, Petitioner and his counsel knew or should have known of the essential facts which would have permitted him to take

- 16 -

advantage of the alleged exculpatory information.  Since Petitioner cannot demonstrate his counsel was deficient, his claim on this ground must be denied.

### C. Motion to Expand the Record

Petitioner has filed a Motion to Expand the Record in order to include the sworn statement of Colarosa that provides details on her interview with Detective Mack.  (ECF No. 69.)  An expansion of the record pursuant to Rule 7 of the Rules Governing Section 2255 is typically ordered by the district court when it is need of further clarification of a material issue.  The court finds no basis for ordering an expansion of the record in this case.  The court notes in passing there are some issues regarding the authenticity of the alleged statement by Colarosa, considering that her name is misspelled  However, assuming without deciding that the statement is accurate and admissible, it fails to provide the information Petitioner purports that it shows, that there would have been a different outcome in his trial.  Colarosa indicates a chrome weapon that she was allegedly shown by was not the "small black handgun" she had seen in Petitioner's possession.  (*Id*.)  Petitioner was convicted of possessing an Intratec Model AB-10 nine millimeter caliber pistol.   (Trial Tr. at 20.) The Government states that neither gun represents the gun shown at trial.  (Gov't Omnibus Resp. at 2.)  The court concludes that whatever gun she was shown, her statement does not establish that the gun shown to her was the one introduced at trial.   Therefore, even if the court were to grant Petitioner's Motion to Expand the Record, this statement would still not demonstrate that the outcome of the trial would have been different had this information been known to the jury.  This is especially true in the context where a defendant's admission at trial that he had a gun and that he buried a gun in the schoolyard was before the jury.  Since this statement does not add any material

facts to the record regarding the gun at issue in this case, the court denies Petitioner's Motion to Expand the Record.

## IV.  CONCLUSION

The court denies Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (1:10 CV 1396, ECF No. 1).  As the court finds that Petitioner's § 2255 Petition is meritless, the court finds that no hearing is necessary.  Petitioner asserts in his pleadings that he has filed a Motion for Discovery and a Motion to Compel, but it does not appear from the Docket those motions were actually filed with the court.  However, were the motions to have been properly filed with the court, they would have been denied as moot since the Petition is meritless.  The court also denies Petitioner's Motion to Expand the Record (1:06 CR 444, ECF No. 69).  Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.


/s/SOLOMON OLIVER, JR._____
CHIEF JUDGE
UNITED STATES DISTRICT COURT


March 14, 2011